UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LEON MICHAEL KORNEGAY,

                    Plaintiff,

    -against-

NEW YORK STATE OFFICE OF MENTAL HEALTH, ACESS PROGRAM, ANY SUPERVISORY PERSONNEL NEW YORK STATE OFFICE OF MENTAL HEALTH, CHRISTINE A. ANTENORE (SOCIAL WORKER THE STATE OF NEW YORK), CHRISTINE A. ANTENORE (ELMIRA CORRECTIONAL FACILITY), ANY SUPERVISORY PERSONNEL ACESS PROGRAM, ANY SUPERVISORY PERSONNEL AUBURN CORRECTIONAL FACILITY, ANY SUPERVISORY PERSONNEL CAMERA UNIT OF THE SUFFOLK COUNTY DIVISION OF COMMUNITY MENTAL HYGIENE SERVICES, ANY SUPERVISORY PERSONNEL CENTRAL NEW YORK PSYCHIATRIC CENTER, ANY SUPERVISORY PERSONNEL COUNTY OF SUFFOLK DEPARTMENT OF LAW, ANY SUPERVISORY PERSONNEL DEPARTMENT OF PSYCHIATRY UNIVERSITY HOSPITAL AT STONY BROOK, ANY SUPERVISORY PERSONNEL DOWNSTATE CORRECTIONAL FACILITY, ANY SUPERVISORY PERSONNEL DOWNSTATE SATELLITE UNIT, ANY SUPERVISORY PERSONNEL ELMIRA CORRECTIONAL FACILITY, ANY SUPERVISORY PERSONNEL MENTAL HYGIENE LEGAL SERVICE, ANY SUPERVISORY PERSONNEL NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, ANY SUPERVISORY PERSONNEL PILGRIM PSYCHIATRIC CENTER, ANY SUPERVISORY PERSONNEL ROCHESTER PSYCHIATRIC HOSPITAL UNIVERSITY OF ROCHESTER MEDICAL CENTER, ANY SUPERVISORY PERSONNEL SATELLITE UNIT

09-cv-4066
(SJF)(ETB)

**OPINION & ORDER**

1

AUBURN CORRECTIONAL FACILITY, ANY
SUPERVISORY PERSONNEL SATELLITE UNIT
ELMIRA CORRECTIONAL FACILITY, ANY
SUPERVISORY PERSONNEL STONY BROOK
UNIVERSITY HOSPITAL, ANY SUPERVISORY
PERSONNEL SUFFOLK COUNTY CORRECTIONAL
FACILITY, ANY SUPERVISORY PERSONNEL
SUFFOLK COUNTY COURT COHALAN
COURT COMPLEX, ANY SUPERVISORY PERSONNEL
SUPREME COURT STATE OF NEW YORK CAYUGA
COUNTY, ANY SUPERVISORY PERSONNEL THE
STATE OF NEW YORK, ANY SUPERVISORY
PERSONNEL THE STATE OF NEW YORK MENTAL
HYGIENE LEGAL SERVICES SECOND JUDICIAL
DEPARTMENT TENTH DISTRICT OFFICE, ANY
SUPERVISORY PERSONNEL THE SUFFOLK
DEPARTMENT OF HEALTH SERVICES JAIL
MEDICAL SERVICES-MEDICAL UNIT SUFFOLK
COUNTY CORRECTIONAL FACILITY, JUNE K.
ATHERTON, AUBURN CORRECTIONAL FACILITY,
JAMES BARRETT, N.A.I., JOSEPH BELLNIER, DAVID
BLAIR L.C.S.W., SANDRA J. BRANDT, R.N. II,
M. BROWN, MORALES BROWN, BURGE, CAMERA
UNIT OF SUFFOLK COUNTY DIVISION OF
COMMUNITY MENTAL HYGIENE SERVICES,
CONSTANCE A. CARDINAL, R.N., SHARON
CARPINELLO, RN, PHD, CENTRAL NEW YORK
PSYCHIATRIC CENTER NEW YORK STATE OFFICE
OF MENTAL HEALTH, SOUMITRA CHATTERJEE,
M.D., CHIEF MEDICAL OFFICE THE STATE OF NEW
YORK DEPARTMENT OF CORRECTIONAL
SERVICES, CHU, J. RICHARD CICCONE, M.D., H.
COLLETT, RHSA, PETER E. CORNING, THOMAS F.
COSTELLO NAI, COUNTY OF SUFFOLK
DEPARTMENT OF LAW, ANN MARIE CSORNY,
L.C.S.W., PAUL DAUGHERTY, R.N. NP, PENNY FIELD
DEBRE, R.N., LESLEY M. DELIA, DEPUTY
COMMISSIONER THE STATE OF NEW YORK
DEPARTMENT OF CORRECTIONAL SERVICES,
DOWNSTATE CORRECTIONAL FACILITY,
DOWNSTATE CORRECTIONAL FACILITY
SUPERINTENDENT, DOWNSTATE SATELLITE UNIT,
ROBIN EBERHARD, R.N., ELMIRA CORRECTIONAL

FACILITY, ELMIRA MENTAL HEALTH UNIT ELMIRA CORRECTIONAL FACILITY, MARGRET FRABONI, MA, HAROLD D. GRAHAM, SUSAN A. HAUPTFLCISSCH, N.P., PAUL M. HENSLY, JUNE HIGGINS, R.N., N.P., SIDNEY HIRSCHFELD, MOHAMMAD IQ, BAL, MD, MPH, MSPH, PSYCHIATRIST I, NORMAN JAEGER, JOSHUA JONES, M.D., DANIEL JORDAN, R.N. II, THOMAS JYOTHI, M.D., PRABHAKAR KALE, MARSHA TANENBERG KARANT, M.D., KATRINA KEMMERY, AMY R. KLEIN, M.D., APRIL J. LAFONTAINE R.N. II, KATE LAMONTHE, ESQ., WILLIAM LICURSE, THOMAS O. MACGILVRY, LCSW, CHRISTINE MALAFI, ALAN N. MEISEL, MENTAL HYGIENE LEGAL SERVICE, BRIAN MULHOLLAND, NEW YORK STATE OFFICE OF MENTAL HEALTH, NURSE ADMINISTRATOR ELMIRA CORRECTIONAL FACILITY, O.M.H. UNIT CHIEF ELMIRA CORRECTIONAL FACILITY, PACKARD, WAYNE C. PARTON, ESQ., PILGRIM PSYCHIATRIC CENTER, GEORGE PRIBULICK, STEPHEN PRICE, KATHLEEN PUCHER, R.N., ROCHESTER PSYCHIATRIC HOSPITAL UNIVERSITY OF ROCHESTER MEDICAL CENTER, ROSENBERG, PETER RUSSELL, SATELLITE UNIT AUBURN CORRECTIONAL FACILITY, T. SALZILLO, SATELLITE UNIT ELMIRA CORRECTIONAL FACILITY, V. SATTI, DONALD SAWYER, PHD, SUSAN SHILLING, BARBARA SHIPMAN, R.N. II, PATRICIA SIMON-PHELAN, R. P. SINGH, M.D., H. E. SMITH, D. SOOD, MARK STAWASZ, LINDA STEPHENS, R.N., STONY BROOK UNIVERSITY HOSPITAL, SUFFOLK COUNTY CORRECTIONAL FACILITY, SUFFOLK COUNTY COURT COHALAN COURT COMPLEX, MARILYN SULLIVAN, SUPREME COURT STATE OF NEW YORK CAYUGA COUNTY, THE STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES, THE STATE OF NEW YORK MENTAL HYGIENE LEGAL SERVICE SECOND JUDICIAL DEPARTMENT TENTH DISTRICT OFFICE, THE SUFFOLK DEPARTMENT OF HEALTH SERVICES JAIL MEDICAL SERVICES-MEDICAL UNIT SUFFOLK COUNTY CORRECTIONAL FACILITY, HELENE TOMBERELLI,

UNIVERSITY HOSPITAL AT STONY BROOK
DEPARTMENT OF PSYCHIATRY, JOEL
VERSTAENDIG, PHD, PAMELA WEINBERG, M.D.C.,
DEAN R. WEINSTOCK, R.N., MPA, NANCY WHITTEN,
LAURIE J. WILLIAMSON, R.N. II, PAUL WINGARD,
LESTER N. WRIGHT, MD, MPH, PAMELA ZURAWIK,

                                            Defendants.
-----------------------------------------------------------------X

FEUERSTEIN, J.

On September 25, 2009, *pro se, in forma pauperis*, Leon Kornegay ("Plaintiff"), a frequent filer in this Court, filed the instant action against the (123) one-hundred twenty-three above-captioned defendants alleging violations of 42 U.S.C. § 1983.[1] On November 23, 2009, this Court dismissed Plaintiff's complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, and gave Plaintiff leave to amend. On December 15, 2009, Plaintiff filed a nearly (90) ninety page Amended Complaint seemingly against the same one-hundred twenty-three (123) defendants as named in his original Complaint. The Amended Complaint again charges the defendants with "carelessly, deceitfully, despicably, egregiously, intentionally, knowingly, mischievously, maliciously, and sadistically, negatively, negligently, purposely, substantively, unethically, unequally, willingly, wrongfully, recklessly, aided and abetted in their individual capacity . . ." (Amended Compl. ¶ IV.) The Amended Complaint continues "unneccessarily introvenously [sic] injected me with proscribed psychotropic medication adding 'insult to injury.'" (Amended Compl. ¶ IV.) Plaintiff again seeks a "permanent order of protection for me and my family, domestic diplomatic immunity, foreign diplomatic immunity,

---

[1] Plaintiff's cases in this Court include: *Kornegay v. John Doe*, 05-cv-02706-SJF-ETB (filed 05/20/2005); *Kornegay v. The State of New York et al* 07-cv-01399-SJF-ETB (filed 04/02/2007); *Kornegay v. The State of New York et al*, 07-cv-02636-SJF-ETB (filed 06/27/2007).

4

injunction relief..." as well as ninety six trillion dollars ($96,000,000,000) in relief. (Amended Compl. ¶ V.)

For substantially the same reasons set forth in this Court's November 23, 2009 Order, Plaintiff's Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). When a complaint fails to comply with the Rule 8 pleading standard, the district court may dismiss it *sua sponte*. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir.1995).

Plaintiff's Amended Complaint falls far short of giving fair notice of his claims as required pursuant to Rule 8(a)(2). Defendants cannot be expected to parse Plaintiff's Amended Complaint into comprehensible legal claims, or even understand factually the nature of plaintiff's allegations against them. See Jones v. National Communications and Surveillance, No. 06-1220-cv, 266 Fed. App'x 31, 32 (2d Cir. Feb. 21, 2008) (holding that a fifty-eight (58) page single-spaced complaint with eighty-seven (87) additional pages of attachments, alleging over twenty (20) separate causes of action against more than forty (40) defendants, violated the short and plain statement requirement of Rule 8); Bell v. Lasaceli, 08-CV-0278, 2009 WL 1032857, *2 (W.D.N.Y., Apr 15, 2009); In re Merrill Lynch & Co. Inc, 218 F.R.D. 76, 77-78 (S.D.N.Y. 2003)("When a complaint is not short and plain, or its averments are not concise and direct, 'the district court has the power, on motion or *sua sponte*, to dismiss the complaint . . .'")(quoting Simmons, 49 F.3d at 86); Mazza v. Caputo, No. 05-CV-3546, 2005 WL 2045791 (E.D.N.Y. Aug. 25, 2005) (dismissing a conclusory one (1) page complaint pursuant to Rule 8).

While the pleadings of a *pro se* litigant should be liberally construed in his favor, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), a complaint must still set forth a basis for the Court to hear a claim. Because Plaintiff fails to allege facts to support clear claims against each defendant, the present Amended Complaint fails to satisfy Rule 8 and cannot be sustained in its present form. In light of this Court's duty to liberally construe *pro se* pleadings, and in an abundance of caution, Plaintiff is given an additional thirty (30) day period to file a second Amended Complaint if able to do so. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). For the convenience of the *pro se* Plaintiff, instructions on how to file an amended complaint are attached to this Order.

## CONCLUSION

Based on the foregoing and the Amended Complaint in this action, it is hereby

ORDERED, that the Clerk of the Court mail a copy of this Order to Plaintiff along with instructions on how to file an amended complaint; and it is further

ORDERED, that Plaintiff's Amended Complaint is dismissed without prejudice and with leave to amend within thirty (30) days of the date of this Order; and it is further

ORDERED, that should Plaintiff file a second Amended Complaint, he must set forth the legal basis and factual allegations to support his claims against each defendant, and the relief he is seeking with respect thereto. The second amended complaint must be captioned as "Second Amended Complaint" and bear the same docket number, 09-4066, as this Order; and it is further

ORDERED, that if Plaintiff fails to submit a second Amended Complaint within thirty (30) days of the date of this Order, the case will be dismissed with prejudice, and the case will be closed.

SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: January 7, 2010
      Central Islip, New York

Copies to:
Leon Michael T. Kornegay
29 Irving Avenue
Deer Park, NY 11729